Andrew P. Saulitis (AS8047)
LAW OFFICES OF
ANDREW P. SAULITIS P.C.
Attorneys for Defendants
  Halstead Property LLC
  and Terra Holdings LLC
555 Madison Avenue
New York, New York 10022-3301
(212) 459-0900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

**PICTURE PATENTS LLC,**

          Plaintiff,

    -against-                              07 CV 5465 (JGK) (HBP)

**TERRA HOLDINGS LLC** and
**HALSTEAD PROPERTY LLC,**

          Defendants.

------------------------------------------------------x

## <u>ANSWER</u>

    Defendants, Terra Holdings LLC and Halstead Property, LLC, by their attorneys the Law Offices of Andrew P. Saulitis P.C., answering the complaint, aver, upon information and belief, which averments are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, as follows:

    1. Are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 of the complaint.

    2. Deny the averments of paragraph 2 of the complaint except admit and aver that

defendant Terra Holdings LLC is a limited liability company organized under the laws of the State of New York and that it has offices at 770 Lexington Avenue, New York, New York 10021 and that it has done and does business in the State of New York.

3. Deny the averments of paragraph 3 of the complaint except admit and aver that defendant Halstead Property, LLC is a limited liability company organized under the laws of the State of New York and that it has offices at 770 Lexington Avenue, New York, New York 10021 and that it has done and does business in the State of New York.

4. Responding to paragraphs 4 and 5 of the complaint, these are references to the laws under which plaintiff purports to invoke the Court's jurisdiction, to which defendants are not required to respond, and deny any substantive averments.

5. Responding to paragraph 6 of the complaint, these are references to the laws under which plaintiff purports to invoke the Court's in personam jurisdiction, to which defendants are not required to respond, and deny commission of any acts (or that any such acts are adequately pleaded) that would give rise to personal jurisdiction and admit that defendants have conducted business in the State of New York and otherwise deny any other averments of said paragraph.

6. Responding to paragraph 7 of the complaint, these are references to the laws under which plaintiff purports to assert venue, to which defendants are not required to respond, and deny any substantive averments.

7. Are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 8 and 9 of the complaint.

8. Deny the averments of paragraph 10 and 11 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

9. The complaint is insufficiently pleaded to give notice of what it is that plaintiff claims infringes on its patent.

## SECOND AFFIRMATIVE DEFENSE

10. Defendants' web site, which is typical of tens of thousands of web sites, consists entirely of standard hypermedia authorship tools and image maps such as JavaScript and HTML, is non-infringing on any patent.

11. Plaintiff, which does not license, and never has licensed, any patent, and opportunistically seeks to sue or threaten to sue supposed "infringers" to extract settlements or negotiate licensing fees that are grossly out of alignment with any contribution to the alleged infringer's product or service. Persons engaging in such practices are commonly known as "patent trolls" and their tactics verge on abuse of the legal and patent process and undermine claims of legitimate patentees. (Plaintiff has filed several suits of this type in this District.)

## THIRD AFFIRMATIVE DEFENSE

12. Defendants have not directly or indirectly infringed, contributed to the infringement, infringed through the doctrine of equivalents, or otherwise, nor induced others to infringe any valid claim of plaintiff's patent.

## FOURTH AFFIRMATIVE DEFENSE

13. Plaintiff's patent application failed to disclose the best mode of the purported invention.

**FIFTH AFFIRMATIVE DEFENSE**

14. Plaintiff's purported invention was anticipated.

**SIXTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims are barred, in full or in part, because the claims of the patent are invalid and/or fails to meet the requirements of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**SEVENTH AFFIRMATIVE DEFENSE**

16. The patent is unenforceable because plaintiff or its assignor failed to disclose all non-cumulative, material prior art the Patent Office during the prosecution of the patent.

**EIGHTH AFFIRMATIVE DEFENSE**

17. Plaintiff's patent is otherwise unenforceable.

**NINTH AFFIRMATIVE DEFENSE**

18. Plaintiff's claims are barred by its inequitable conduct and/or unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's claims are barred by equitable estoppel, waiver and/or laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

20. Plaintiff's patent is unenforceable due to obviousness.

## TWELFTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred by acquiescence.

## THIRTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff has failed to mitigate its damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

23. Defendants reserves all affirmative defenses under Fed. R. Civ. P. 8(c), the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**Demand for Judgment:** Defendants demand judgment dismissing plaintiff's claims with prejudice and invalidating the subject patent, and awarding defendants attorneys' fees to the extent permitted by law, together with such other and further relief as may be just and equitable.

Dated: November 21, 2007

      /s/
Andrew P. Saulitis (AS8047)
LAW OFFICES OF
ANDREW P. SAULITIS P.C.
Attorneys for Defendants
 Halstead Property LLC
 and Terra Holdings LLC
555 Madison Avenue
New York, New York 10022-3301
(212) 459-0900

TO:

ALSTON & BIRD LLP
Attorneys for Plaintiff
 Picture Patents LLC
90 Park Avenue
New York, New York 10016
(212) 210-9400