Andrew P. Saulitis (AS8047)
LAW OFFICES OF
ANDREW P. SAULITIS P.C.
Attorneys for Defendants
  Halstead Property LLC, Terra Holdings LLC
  and Brown Harris Stevens, LLC
555 Madison Avenue
New York, New York 10022-3301
(212) 459-0900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

**PICTURE PATENTS LLC,**

                Plaintiff,

  -against-                                    07 CV 5465 (JGK) (HBP)

**TERRA HOLDINGS LLC** and
**HALSTEAD PROPERTY LLC,**

                Defendants.

-----------------------------------------------------x

## ANSWER TO AMENDED COMPLAINT

Defendants, Terra Holdings LLC, Halstead Property, LLC and Brown Harris Stevens, LLC by their attorneys the Law Offices of Andrew P. Saulitis P.C., answering the amended complaint, aver, upon information and belief, which averments are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, as follows:

    1. Are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 of the amended complaint.

    2. Deny the averments of paragraph 2 of the amended complaint except admit and aver that defendant Terra Holdings LLC is a limited liability company organized under the laws of the

-2-

State of New York and that it has offices at 770 Lexington Avenue, New York, New York 10021 and that it has done and does business in the State of New York.

3. Deny the averments of paragraph 3 of the amended complaint except admit and aver that defendant Halstead Property, LLC is a limited liability company organized under the laws of the State of New York and that it has offices at 770 Lexington Avenue, New York, New York 10021 and that it has done and does business in the State of New York.

4. Deny the averments of paragraph 4 of the amended complaint except admit and aver that defendant Brown Harris Stevens, LLC is a limited liability company organized under the laws of the State of New York and that it has offices at 770 Lexington Avenue, New York, New York 10021 and that it has done and does business in the State of New York.

5. Responding to paragraphs 5 and 6 of the amended complaint, this contains references to the laws under which plaintiff purports to invoke the Court's jurisdiction, to which defendants are not required to respond, and deny any substantive averments.

6. Responding to paragraph 7 of the amended complaint, this contains references to the laws under which plaintiff purports to invoke the Court's in personam jurisdiction, to which defendants are not required to respond, and deny commission of any acts (or that any such acts are adequately pleaded) that would give rise to personal jurisdiction and admit that defendants have conducted business in the State of New York and otherwise deny any other averments of said paragraph.

7. Responding to paragraph 8 of the amended complaint, these are references to the laws under which plaintiff purports to assert venue, to which defendants are not required to

respond, and deny any substantive averments.

8. Are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 9 and 10 of the amended complaint.

9. Deny the averments of paragraphs 11 and 12 of the amended complaint or that plaintiff's characterization of its claimed patent is accurate.

## FIRST AFFIRMATIVE DEFENSE

10. The amended complaint is so vague or ambiguous that defendants cannot reasonably prepare a response; it is insufficiently pleaded to give notice of what it is that plaintiff claims infringes on its patent or which of the eleven claims of Patent No. 6,278,455 (the "'455 Patent") defendants, or any of them, are alleged to have infringed in any web sites or otherwise.

## SECOND AFFIRMATIVE DEFENSE

11. Defendants' web site, which is typical of innumerable of web sites, consists entirely of standard hypermedia authorship tools and image mapping and standard feature of open-source software such as JavaScript and HTML, is non-infringing on any patent.

12. Plaintiff, which, upon information and belief, has never practiced any patent, does not license, and never has licensed, any patent, and opportunistically seeks to sue or threaten to sue supposed "infringers" to exact settlements and/or negotiate licensing fees that are grossly out of alignment with any contribution to the alleged infringer's product or service. Persons engaging in such practices in gaming the patent litigation system are commonly known as "patent trolls" and their tactics verge on abuse of the legal and patent process and undermine claims of

legitimate patentees. (Plaintiff has filed several suits of this type in this District.)

### THIRD AFFIRMATIVE DEFENSE

13.  Defendants have not directly or indirectly infringed, contributed to the infringement, infringed through the doctrine of equivalents, or otherwise, nor induced others to infringe any valid and enforceable claim of the '455 Patent.

### FOURTH AFFIRMATIVE DEFENSE

14.  Plaintiff's claims are barred, in full or in part, because the claims of the '455 Patent are invalid and/or fails to meet the requirements of patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FIFTH AFFIRMATIVE DEFENSE

15.  Plaintiff has failed to mark its claimed patent or otherwise give notice of any claimed infringement and is barred from recovery of any damages occurring prior to such notice, pursuant to 35 U.S.C. § 287(a).

### SIXTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred by prosecution history estoppel/file-wrapper estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

17.  Upon information and belief, the "'455 Patent" is unenforceable due to inequitable conduct by the named inventor, Michelle Baker, and/or her attorneys and appointed

representatives before the United States Patent and Trademark Office (the "PTO") as part of the prosecution of related U.S. Patent No. 6,002,401 ("the '401 Patent").

18. Upon information and belief, Baker and her representative violated the duty of candor with the intent to deceive the PTO, as described with particularity below.

19. Upon information and belief, Baker and her representative submitted false and/or misleading Rule 131 declarations with intent to deceive the PTO to obtain a U.S. patent.

20. Upon information and belief, Baker submitted a false and misleading Rule 131 declaration during the prosecution of the '401 patent to avoid references material to patentability as prior art, including at least U.S. Patent No. 5,682,469 to Barry J. Linnett *et al.*

21. Baker's declaration alleged a date of conception prior to 1993 and due diligence from about October 18, 1993 until the effective filing date of September 30, 1994 to eliminate as prior art references material to patentability that were dated on or after October 18, 1993, including at least the Linnett reference. The declaration did not set forth sufficient facts to support such a declaration, as required under 37 CFR § 1.131(b). For the time period from October 1993 to June 1994, Baker asserted diligence without providing any factual support for the alleged diligence or an explanation for the lack of support. From June 1994 until the effective filing date, Baker showed insufficient support of diligence. The declaration also did not provide any factual support showing what aspects of the invention were conceived by October 18, 1993. Baker's representative provided a similar Rule 131 declaration, also lacking the showing of facts required under 37 CFR § 1.131(b).

22. Upon information and belief, Baker and her representative do not have evidence of

-6-

diligence, and Baker's and her representative's express representations of diligence were both false and misleading to the PTO.

23. Upon information and belief, the prosecution of the '401 Patent was materially affected by the sworn representations of diligence starting from October 1993. Based on the Rule 131 declarations, Baker and her representative eliminated at least the Linnett reference.

24. Upon information and belief, Baker and her representative intentionally misled the PTO into issuing claims of a scope beyond which Baker was entitled, thereby conducting inequitable conduct and rendering the '401 Patent invalid. The inequitable conduct committed with respect to the '401 Patent taints the related '455 Patent, which is a continuation of the '401 Patent, rendering the '455 Patent unenforceable as well.

### EIGHTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### NINTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims are barred by laches.

### TENTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by waiver and/or estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

28. Plaintiff's patent claim is unenforceable due to obviousness.

### TWELFTH AFFIRMATIVE DEFENSE

29. Plaintiff has failed to mitigate its damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff is not entitled to injunctive relief, as it has not practiced any claimed patent, has not been irreparably harmed, has adequate remedies, if at all, at law, or is it otherwise entitled to such relief.

### FOURTEENTH AFFIRMATIVE DEFENSE

31. Plaintiff has failed to mitigate its damages, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE

32. Defendants reserve all affirmative defenses under Fed. R. Civ. P. 8(c), the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**Demand for Judgment:** Defendants demand judgment dismissing plaintiff's claims with prejudice and invalidating the subject patent, and awarding defendants attorneys' fees pursuant to 35 U.S.C. § 285, excess costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927 or otherwise to the extent permitted by law, together with such other and further relief as

may be just and equitable.


Dated: March 25, 2008

                                                          _/s/_____
                                                          Andrew P. Saulitis (AS8047)
                                                          LAW OFFICES OF
                                                          ANDREW P. SAULITIS P.C.
                                                          Attorneys for Defendants
                                                             Halstead Property LLC,
                                                             Terra Holdings LLC and
                                                            Brown Harris Stevens LLC
                                                          555 Madison Avenue
                                                          New York, New York 10022-3301
                                                          (212) 459-0900


TO:

ALSTON & BIRD LLP
Attorneys for Plaintiff
   Picture Patents LLC
90 Park Avenue
New York, New York 10016
(212) 210-9400