USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PICTURE PATENTS, LLC,<br><br>Plaintiff<br><br>v.<br><br>TERRA HOLDINGS, LLC,<br>HALSTEAD PROPERTY, LLC,<br>BROWN HARRIS STEVENS, LLC,<br><br>Defendants. | Case No. 07cv5465 (JGK)(HBP) |
| PICTURE PATENTS, LLC,<br><br>Plaintiff<br><br>v.<br><br>AEROPOSTALE, INC., DICK'S SPORTING GOODS, INC., CHARLOTTE RUSSE, INC., GSI COMMERCE SOLUTIONS, INC., FOGDOG, INC., GSI COMMERCE, INC., NATIONAL BASKETBALL ASSOCIATION, NBA PROPERTIES, INC., NBA MEDIA VENTURES, LLC, MAJOR LEAGUE BASEBALL PROPERTIES, INC., MLB ADVANCED MEDIA, L.P., LINENS 'N THINGS, INC., TWEETER NEWCO, LLC, TWEETER OPCO, LLC, BUY.COM, INC.<br><br>Defendants. | Case No. 07cv5567 (JGK)(HBP)<br><br>**STIPULATED PROTECTIVE ORDER** |

The following protective order is entered in the above-captioned actions pursuant to Federal Rule of Civil Procedure 26(c)(7).

1. Designated Materials.

(a) A party or nonparty may designate as "CONFIDENTIAL," in whole or in part, any document, thing, or information (collectively "material") which contains trade secrets

or other confidential research, development, or commercial information and which is to be disclosed or produced to a party in this litigation. The marking shall state "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" or other similar legend, along with a designation, e.g., bates number prefix, of the identity of the designating party or nonparty.

(b) A party or nonparty may designate as "RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," in whole or in part, any material which contains highly confidential financial information, marketing plans or forecasts, or trade secret or other highly confidential information that the producing party or nonparty believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those authorized under paragraph 7 would have the effect of causing harm to the competitive commercial position of the designating entity or a third party, and which is to be disclosed or produced to a party in this litigation. The marking shall state "RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY -- SUBJECT TO PROTECTIVE ORDER" or other similar legend, along with a designation, e.g., bates number prefix, of the identity of the designating party or nonparty.

(c) The designations described in subparagraphs (a) and (b) above shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner with the appropriate legend. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked. The designation or non-designation of any such material under this Protective Order shall not be admissible as evidence in this litigation for any purpose.

(d) Information is not properly designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY subject to this Protective Order if it: (i) is in the public domain; (ii) becomes part of the public domain by publication or by other means, except an unauthorized act or omission on the part of the receiving party; (iii) is

supplied to the receiving party by a third party who is under no obligation to maintain such information in confidence; and/or (iv) is or becomes known to the receiving party without any breach of any Protective Order or other confidentiality obligation.

2.  Temporary Designation. In lieu of marking the original of a document or other material prior to inspection, the producing party or nonparty or its counsel may orally designate any document or other material being produced for inspection by counsel for a party as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, thereby making it, and the information it contains, temporarily subject to this Protective Order. However, each copy of such document or other material subsequently delivered to inspecting counsel must be marked CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY as required by this Protective Order at the time it is so delivered to make the document and copies subject to this Protective Order. The party or nonparty who produces or discloses its own confidential material is not precluded by this Protective Order from disclosing or using that material in any manner as it may deem fit.

3.  Persons Permitted In Depositions. If during the course of a deposition taken in this litigation any questions are to be asked or any answers are to be given regarding (a) CONFIDENTIAL material, then only persons designated in paragraph 8 below (and the deponent's counsel in the case of a separately represented nonparty) shall be allowed to be present during such portion of the deposition; or (b) RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY material, then only persons designated in paragraph 7 below (and the deponent's counsel in the case of a separately represented nonparty) shall be allowed to be present during such portion of the deposition. This paragraph shall not be deemed to authorize disclosure of any CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY material to any person to whom disclosure is prohibited under this Protective

Order. It shall be the obligation of the party that produced the CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY material to invoke this provision.

4. Designation of Deposition Transcripts. With respect to depositions of any party, nonparty, or any person employed by, formerly employed by, or acting on behalf of a party to this litigation, such party, nonparty or another party to this suit may at the deposition designate the deposition as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY and request the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript or may have until fifteen (15) calendar days (or the next following business day in the event the 15th day is not a business day) after receipt of the deposition transcript within which to inform the other parties, in writing, that portions of the transcript are designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY. If no such designation is made at the deposition, no such deposition transcript shall be disclosed to any person other than those persons who are entitled to have access to such materials pursuant to paragraph 7 or paragraph 8 below and the deponent (and the deponent's counsel in the case of a separately represented nonparty) during these fifteen (15) days, and no person attending such a deposition shall disclose the contents of the deposition to any person other than those described in paragraph 7 or paragraph 8 below during said fifteen (15) days. Upon being informed that certain portions of a deposition are designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, each party shall cause each copy of the transcript in its possession, custody or control to be so marked, to the extent not already marked by the reporter.

5. Limits on Use of Designated Materials. All material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY as

provided herein shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned actions and shall not be disclosed by the recipient to anyone other than those persons who are entitled to have access to such material pursuant to paragraph 7 or paragraph 8 below, unless and until the restrictions herein are removed by an order of the Court or by written agreement of the producing party or nonparty. Nothing in this Protective Order shall bar or otherwise restrict a producing party or nonparty from having access to or using, without notification of any other party or nonparty, CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials that the producing party or nonparty has produced in this litigation.

6. Challenges to Designations and Resolution of Disputes. Nothing in this Protective Order shall be construed to prevent any party to this litigation from opposing the designation of materials as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY. A party opposing the designation of materials as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY shall serve a written objection, including a statement of the grounds for the objection, on the designating party. The designating party will have five (5) Court days following the receipt of the objection to withdraw its CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY designation. If at the end of the five (5) days, the CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY designation has not been withdrawn or if the designating party has failed to respond, the objecting party must move the Court within ten (10) Court days for an order removing the CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY designation. If an objecting party does not make a timely motion, such objection is deemed withdrawn. Until a ruling from the Court, disputed items are presumed

to be CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY as designated and will be handled in accordance with the provisions of this Protective Order.

(a) The designation of material as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY may also be challenged under this section if any of the events described in Paragraph 1(d) has come to pass.

(b) The failure of the receiving party to challenge the confidential status of any material under this Protective Order at the time of production shall not be deemed a waiver of the receiving party's right to challenge the propriety of such designation at any time thereafter.

7. Access to RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY Materials. Access to material designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to:

a) outside counsel of record for the parties, including the partners, counsel, and associates of outside counsel's law firm who assist outside counsel in this matter;

b) the employees of such outside counsel of record (including secretaries, paralegals, and clerks) actually assisting such counsel in connection with this case, provided, however, that such employees have access to material designated RESTRICTED CONFIDENTIAL– OUTSIDE COUNSEL ONLY only to the extent necessary to perform their duties;

c) independent copy and litigation support services solely for purposes of making copies, preparing exhibits or otherwise assisting in the preparation of discovery or trial materials for use in the litigation;

    d)    non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case who become qualified to receive material designated under this Protective Order in accordance with the following procedure:

        (i)    Counsel for a party proposing any such expert or consultant shall submit to outside counsel of record for the other parties a copy of a completed Notice of Adherence to Protective Order in the form attached hereto as Exhibit A signed by such expert or consultant, and a current resume or curriculum vitae for such person, which shall disclose any non-confidential employment and/or consultations the expert has had in the preceding four years. To the extent that there is a confidential employment or consultation arrangement, the proposing party shall disclose, to the extent possible without violating any confidentiality obligations, (i) the industry in which the relationship(s) took place, (ii) the general technology involved (iii) the dates of the relationship(s), (iv) a statement of whether the relationship(s) was with a competitor of any of the Defendants, and (v) any non-confidential information available about the relationship(s) that would describe or tend to describe the circumstances of the relationship(s). If any of the information in (i) through (v) above cannot be disclosed because of confidentiality obligations, the proposing party must identify which category or categories of information is or are not being disclosed. The original of each such Notice shall be maintained by counsel proposing the expert. A party proposing such expert or consultant shall respond within three (3) Court days to any reasonable request for additional information regarding

the employment or consulting relationships or other professional activities of the proposed expert or consultant;

(ii) Unless a party notifies the proposing counsel of its objection to any such proposed expert or consultant, and the basis therefor, within five (5) Court days after the receipt of a copy of the Notice referred to in subparagraph (i) above, such expert or consultant shall thereafter be deemed a qualified recipient and entitled to receive the designating party's RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material pursuant to the terms and conditions of the Protective Order;

(iii) Should the objecting party timely notify proposing counsel of its objection, the objecting party shall have ten (10) Court days from its notice of objection within which to file a motion to preclude the proposed disclosure. Should such a motion be filed, proposing counsel shall not disclose material designated under this Protective Order to such proposed person until the resolution of the motion. Failure of the objecting party to file such a motion shall be deemed a waiver of any objection to the disclosure of information to the proposed person, subject to the terms of this protective order;

e) court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, that they are provided information designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY only to the extent necessary to perform their duties;

f) the Court and any Court of Appellate Jurisdiction;

g) Court personnel involved with this case;

h)      members of the jury in this case; and

i)      witnesses who are deposed in this litigation or who are called as witnesses at any hearing in this litigation, but only (1) in preparation for the deposition or hearing, or (2) during the deposition or hearing, and only under the following circumstances:

    (i)     any witness may be shown RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy;

    (ii)    a current officer, director, or employee of a designating party may be shown that party's RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material;

    (iii)   any witness selected by a designating party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown that party's RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material;

    (iv)    a former officer, director, or employee of a designating party may be shown that party's RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material if it appears from the face of the material that the witness previously had access to the RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material while employed by the designating party, provided that counsel making such disclosure shall inform the witness that the matter is confidential and may not be disclosed or used except as provided in this Protective Order.

8. Access to CONFIDENTIAL Materials. Access to material designated CONFIDENTIAL under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to the persons and circumstances identified in paragraph 7 hereof and additionally:

(a) for each party, up to four (4) in-house counsel who have done at least one of the following:

(i) made an appearance of record in this matter; or

(ii) executed a Notice of Adherence to Protective Order in the form attached hereto as Exhibit A and served such executed notice on all parties; and

(b) the clerical employees of such in-house counsel (including secretaries, paralegals and clerks) actually assisting such counsel in connection with this case, provided, however, that such employees have access to material designated CONFIDENTIAL only to the extent necessary to perform their duties.

9. Individuals Involved in Patent Prosecution. Notwithstanding the provisions of paragraphs 7 and 8 of the Protective Order, material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY shall not be disclosed to any individual who is directly involved in preparing or prosecuting patent applications or who provides any advice regarding claiming or other prosecution strategies for Michelle Baker, Picture Patents, or any of Picture Patents' officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, successors, or assigns, whether as counsel of record before the U.S. Patent and Trademark Office or any foreign patent office or in any supervisory capacity (hereinafter "Patent Prosecution Activities"). Further, any individual who receives CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL material shall

refrain from engaging in Patent Prosecution Activities for Michelle Baker, Picture Patents, or any of Picture Patents' officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, successors or assigns for a period of two (2) years after final termination of this litigation.

10. **Maintenance of Designated Materials.** Each recipient of material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material.

11. **Pleadings Containing Confidential Materials.** Any pleading, brief, exhibit or other paper that is filed with the Court or served on another party that contains, quotes, discusses or otherwise reveals material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY shall be marked on the front cover with the appropriate legend set forth in paragraph 1. All CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials that are filed with the Court for any purpose shall be filed under seal. Materials filed under seal shall be marked with the title of the action, identification of the document or thing filed under seal, and a statement substantially in the appropriate one of the following forms:

> "CONTAINS [name of PARTY OR NON-PARTY] CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF [DATE]." or
>
> "CONTAINS [name of PARTY OR NON-PARTY] RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF [DATE]."

12. **Final Disposition of Materials.** Within sixty (60) days of the designating party's dismissal from the action or final termination of the action, whichever comes first, all materials

that have been produced, served or otherwise made available by the designating party during the course of this litigation, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be destroyed or delivered to counsel for the designating party, except that outside counsel of record for each party may retain a complete set of their case files for this matter, including all pleadings, depositions, deposition exhibits, expert reports, discovery responses, and correspondence.

13. Inadvertent Failure to Designate. Production of any material without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the producing party from designating said document or material "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY." Once redesignated, the redesignated material shall thereafter be treated as if it had originally been designated at the redesignated level. Following any redesignation of material, the party receiving such material shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all copies and excerpts of any redesignated material from persons not entitled to receive it.

14. Improper Disclosure. If material or information designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

15. **Privileged and Irrelevant Materials.** Nothing in this Protective Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

16. **Inadvertent Disclosure of Privileged Information.** The inadvertent or unintentional disclosure by the producing party of information subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity shall not be deemed a waiver in whole or in part of the party's claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a party has inadvertently produced information subject to a claim of immunity or privilege, the receiving party, upon request, shall promptly return the inadvertently produced materials, and all copies of those materials that may have been made and any notes regarding those materials shall be destroyed. The party returning such information may move the Court for an order compelling production of such information.

17. **Additional Relief.** Nothing in this Protective Order shall be construed to prevent a party or nonparty from seeking such further provisions regarding confidentiality as may be appropriate.

18. **No Waiver of Objections to Admissibility.** Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

19. **Advice to Client.** Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials produced or

exchanged in this litigation; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of the CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials.

20. Continuing Obligations. This Protective Order, and all obligations and duties arising under this Protective Order, shall remain in effect after the final termination of this litigation, unless otherwise ordered by the Court. The Court retains jurisdiction indefinitely over the parties, and any persons provided access to CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials under the terms of this Protective Order, with respect to any dispute over the improper use of such Confidential materials.

21. This Order may be changed by further Order of the Court and is without prejudice to the rights of any party to move for relief from any of its provisions.

IT IS SO ORDERED.

Dated: 6/16, 2008

_____
Honorable John G. Koeltl
U.S. District Judge

6/16/08

*[Handwritten: This Order is not binding on the Court or Court personnel. The Court can amend the Order at any time go ahead.]*

STIPULATED AND AGREED TO:

| ALSTON & BIRD LLP<br>90 Park Avenue<br>New York, New York 10016-1387<br><br>By: _____<br>Thomas J. Parker, Esq.<br><br>Attorneys for Picture Patents, LLC | COOLEY GODWARD KRONISH LLP<br>1114 Avenue of Americas<br>New York, New York 10036-7798<br><br>By: _____<br>Janet L. Cullum, Esq.<br><br>Attorneys for<br>Aeropostale, Inc.<br>Dick's Sporting Goods, Inc. |

|  | GSI Commerce Solutions, Inc.<br>GSI Commerce, Inc.<br>Charlotte Russe, Inc.<br>National Basketball Association<br>NBA Properties, Inc.<br>NBA Media Ventures, LLC<br>Major League Baseball Properties, Inc.<br>MLB Advanced Media, L.P. |
|---|---|
|  | LAW OFFICES OF ANDREW P. SAULITIS P.C.<br>555 Madison Avenue<br>New York, New York 10022-3301<br><br>By: *[signature]*<br>Andrew P. Saulitis, Esq.<br><br>*Attorneys for*<br>*Terra Holdings, LLC*<br>*Halstead Property, LLC*<br>*Brown Harris Stevens, LLC* |
| BRYAN CAVE LLP<br>1290 Avenue of Americas<br>New York, New York 10104<br><br><br>By: _____<br>Suzanne M. Berger, Esq.<br><br>*Attorneys for*<br>*Tweeter Newco, LLC*<br>*Tweeter Opco, LLC* | THOMPSON & KNIGHT LLP<br>919 Third Avenue, 39th Floor<br>New York, New York 10022-3915<br><br><br>By: _____<br>John J. Driscoll, Esq.<br><br>*Attorneys for Buy com* |

|  | GSI Commerce Solutions, Inc.<br>GSI Commerce, Inc.<br>Charlotte Russe, Inc.<br>National Basketball Association<br>NBA Properties, Inc.<br>NBA Media Ventures, LLC<br>Major League Baseball Properties, Inc.<br>MLB Advanced Media, L.P. |
|---|---|
|  | LAW OFFICES OF ANDREW P. SAULITIS P.C.<br>555 Madison Avenue<br>New York, New York 10022-3301<br><br>By: _____<br>Andrew P. Saulitis, Esq.<br><br>*Attorneys for*<br>*Terra Holdings, LLC*<br>*Halstead Property, LLC*<br>*Brown Harris Stevens, LLC* |
| BRYAN CAVE LLP<br>1290 Avenue of Americas<br>New York, New York 10104<br><br><br>By: _____<br>Suzanne M. Berger, Esq.<br><br>*Attorneys for*<br>*Tweeter Newco, LLC*<br>*Tweeter Opco, LLC* | THOMPSON & KNIGHT LLP<br>919 Third Avenue, 39th Floor<br>New York, New York 10022-3915<br><br>By: /s/ John J. Driscoll<br>John J. Driscoll, Esq.<br><br>*Attorneys for Buy.com* |

Case No. 07cv5465 (JGK)(HBP)
Case No. 07cv5567 (JGK)(HBP)                15.                STIPULATED PROTECTIVE ORDER

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PICTURE PATENTS, LLC,<br><br>Plaintiff<br><br>v.<br><br>TERRA HOLDINGS, LLC,<br>HALSTEAD PROPERTY, LLC,<br>BROWN HARRIS STEVENS, LLC,<br><br>Defendants. | Case No. 07cv5465 (JGK)(HBP) |
| PICTURE PATENTS, LLC,<br><br>Plaintiff<br><br>v.<br><br>AEROPOSTALE, INC., DICK'S SPORTING GOODS, INC., CHARLOTTE RUSSE, INC., GSI COMMERCE SOLUTIONS, INC., FOGDOG, INC., GSI COMMERCE, INC., NATIONAL BASKETBALL ASSOCIATION, NBA PROPERTIES, INC., NBA MEDIA VENTURES, LLC, MAJOR LEAGUE BASEBALL PROPERTIES, INC., MLB ADVANCED MEDIA, L.P., LINENS 'N THINGS, INC., TWEETER NEWCO, LLC, TWEETER OPCO, LLC, BUY.COM, INC.<br><br>Defendants. | Case No. 07cv5567 (JGK)(HBP)<br><br>**NOTICE OF ADHERENCE TO PROTECTIVE ORDER** |

I, _____, having been retained as a _____ of _____ in connection with the above-captioned lawsuit, hereby acknowledge that I am to be provided access to confidential information supplied by other parties and/or non-parties, as defined in the Protective Order dated _____.

My address is _____. My present employer is _____. My present occupation or job description is _____. Attached is a copy of my current resume or curriculum vitae [not required for outside counsel].

I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the aforesaid Protective Order and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I understand that the confidential information and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to receive such information.

I will return on request all materials containing confidential information, copies thereof and notes that I have prepared relating thereto, to outside counsel of record for the party with whom I am associated.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

Respectfully submitted,


Dated: _____    By: _____