USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-3-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

PICTURE PATENTS, LLC,                  :

                   Plaintiff,          :     07 Civ. 5465 (JGK)(HBP)

     -against-                         :

TERRA HOLDINGS LLC, et al.,            :

                   Defendants.         :

------------------------------------X

PICTURE PATENTS, LLC,                  :

                   Plaintiff,          :     07 Civ. 5567 (JGK)(HBP)

     -against-                         :     MEMORANDUM OPINION
                                             AND ORDER
AEROPOSTALE, INC., et al.,             :

                   Defendants.         :

------------------------------------X


          PITMAN, United States Magistrate Judge:


I.   Introduction


          By letter dated October 22, 2008, defendants in both of

these actions move to stay discovery and to stay all discovery

deadlines pending the resolution of their motion to dismiss the

actions for lack of subject matter jurisdiction.  For the reasons

set forth below, defendants' motion is granted.

II.   Facts

This is a patent infringement action.   Plaintiff
alleges that it is the assignee of United States Patent No.
6,278,455, entitled "Pictorial Interface for Accessing Informa-
tion in an Electronic File System" (the "'455 Patent").   As
described by plaintiff, the claims in issue in this action

> are generally directed to an interface for a computer
> system that allows users to access files within that
> system. . . . The interface consists generally of a
> picture displayed on a computer screen that users can
> divide up into regions of arbitrary size and locations.
> . . . Users can then link the different regions in the
> pictures to the files in the computer system. . . . In
> this manner, subsections of pictures can be used to
> navigate through and select files from an electronic
> file system. . . .

(Plaintiff Picture Patents' Memorandum of Law in Opposition to
Defendants' Motion to Dismiss, dated Nov. 4, 2008, at 2).

Plaintiff's assignor -- the inventor -- claims to have
invented the interface while she was employed by International
Business Machines Corporation ("IBM") in the early 1990s.   At the
commencement of her employment with IBM, plaintiff's assignor
executed a document entitled "Agreement Regarding Confidential
Information and Intellectual Property" ("Invention Agreement")
which provided, in pertinent part:

> I hereby assign to IBM my entire right, title and
> interest in any idea, invention, design of a useful
> article (whether the design is ornamental or other-
> wise), computer program and related documentation, and
> other work of authorship (all hereinafter called "De-
> velopments"), hereafter made or conceived solely or

2

jointly by me, or created wholly or in part by me,
whether or not such Developments are patentable,
copyrightable or susceptible to other forms of protec-
tion, and the Developments:

(a) relate to the actual or anticipated business or
research or development of IBM or its subsidiaries, or

(b) are suggested by or result from any task assigned
to me or work performed by me for or on behalf of IBM
or its subsidiaries.

(Ex. 1 to the Affirmation of Nathan K. Cummings, Esq., dated Oct.
20, 2008 ("10-20-08 Cummings Aff."), at ¶ 4).

Defendants' principal argument in their motion to
dismiss is that the invention disclosed in the '455 Patent was
conceived while plaintiff's assignor was employed by IBM and that
by virtue of the Invention Agreement, IBM owns the '455 Patent.
Although plaintiff's assignor does not dispute that she conceived
the invention disclosed in the '455 Patent while she was employed
by IBM, she claims that it is not covered by the Invention
Agreement because it does not fit within either subparagraph.

III.  Analysis

Except in cases covered by the Private Securities
Litigation Reform Act, a motion to dismiss does not automatically
stay discovery.  In re WRT Energy Sec. Litig., 96 Civ. 3610
(JFK), 96 Civ. 3611 (JFK), 1996 WL 580930 at *1 (S.D.N.Y. Oct. 9,
1996); see Moran v. Flaherty, 92 Civ. 3200 (PKL), 1992 WL 276913
at *1 (S.D.N.Y. Sept. 25, 1992).   A motion to dismiss may,

however, provide "good cause" for protective order pursuant to

Fed.R.Civ.P. 26(c) staying discovery.  As explained by the

Honorable Peter K. Leisure, United States District Judge, in <u>Niv</u>

<u>v. Hilton Hotels Corp.</u>, 06 Civ. 7839 (PKL), 2007 WL 510113 at *1

(S.D.N.Y. Feb. 15, 2007):

> Good cause may be shown where a party has filed, or has
> sought leave to file, a dispositive motion, the stay is
> for a short period of time, and the opposing party will
> not be prejudiced by the order.  <u>See</u> <u>Spencer Trask</u>
> <u>Software & Information Services, LLC v. RPost Intern.</u>
> <u>Ltd.</u>, 206 F.R.D. 367, 368 (S.D.N.Y., 2002); <u>Anti-Monop-</u>
> <u>oly, Inc. v. Hasbro, Inc.</u>, No. 94 Civ. 2120, 1996 WL
> 101277, at *2, 1996 U.S. Dist. LEXIS 2684, at *6
> (S.D.N.Y. March 7, 1996) (collecting cases).
>
> However, while discovery may in a proper case be
> limited or stayed pending the outcome of a motion to
> dismiss, the issuance of a protective order is by no
> means automatic.  <u>See</u> <u>Spencer Trask</u>, 206 F.R.D. at 368
> (citing cases).  Two related factors a court may con-
> sider in deciding a motion for a restriction or stay of
> discovery are the breadth of discovery sought and the
> burden of responding to it.  <u>See</u> <u>Anti-Monopoly, Inc.</u>,
> 1996 WL 101277, at *3, 1996 U.S. Dist. LEXIS 2684, at
> *6-7.  Finally, a court should also consider the
> strength of the dispositive motion that is the basis of
> the application.  <u>See</u>, <u>e.g.</u>, <u>Gandler v. Nazarov</u>, No. 94
> Civ. 2272, 1994 WL 702004, at *4, 1994 U.S. Dist. LEXIS
> 17885, at *12 (S.D.N.Y. Dec. 14, 1994) (stay of discov-
> ery should be granted where motion to dismiss "is
> potentially dispositive, and appears to be not un-
> founded in the law.").

<u>See</u> <u>also</u> 2 Michael C. Silberberg, Edward M. Spiro & Judith L.

Mogul, <u>Civil Practice in the Southern District of New York</u> § 24:5

at 24-9 (2d ed. 2008) ("In determining whether to stay discovery

during the pendency of a dispositive motion, the court will

generally look to three factors:  (1) breadth of discovery

4

sought, (2) any prejudice that would result, and (3) the strength
of the motion.").

In this case, I conclude that the factors tilt in favor
of a stay.

The factor that weighs most heavily in favor of a stay
is the strength of defendants' motion. Although the ultimate
determination of that motion is up to Judge Koeltl, I have
reviewed the memoranda of law submitted by counsel in support of
and in opposition to the motion, and defendants' arguments appear
to be substantial. Although the issuance of the '455 Patent to
plaintiff's assignor is prima facie evidence of ownership,
sufficient to confer standing to sue on plaintiff's assignor, see
Leighton Techs. LLC v. Oberthur Card Sys., N.A., 531 F. Supp.2d
591, 593 (S.D.N.Y. 2008), there are factors here which give rise
to serious questions concerning plaintiff's assignor's ownership.
The Invention Agreement appears to be extremely broad, operating
as an assignment of inventions that "relate to the actual or
anticipated business or research or development of IBM or its
subsidiaries," without regard to whether the invention was
conceived during the course of an employee's work or whether
company assets were utilized in the process. Defendants point
out that at least two patents owned by IBM -- U.S. Patent Nos.
5,347,628 and 5,442,736 -- are cited as references in the '455
Patent (10-20-08 Cummings Aff. Ex. 3; Exs. 27 & 28 to the Affir-

mation of Nathan K. Cummings, Esq., dated Nov. 14, 2008). The

citation by the examiner of these two patents as references

suggests that the '455 Patent relates to IBM's business and is,

therefore, within the scope of the Invention Agreement. Given

these facts, defendants' argument that the invention has already

been assigned to IBM cannot be summarily dismissed and, at least

preliminarily, appears to have weight. See Imatek, Ltd v. Apple

Computer, Inc., 81 F. Supp.2d 471, 480-83 (S.D.N.Y. 2000), aff'd

without published opinion, 15 F. App'x 887 (Fed. Cir. 2001).

In reaching this conclusion, I am aware that IBM has

had actual knowledge of the claim by plaintiff's assignor that

she owns the invention for approximately fifteen years and that

IBM has taken no steps to assert ownership. However, unless and

until adverse possession of a patent is found sufficient to

confer title,[1] any defects that may confront a claim of ownership

by IBM do not defeat defendants' arguments that plaintiff's

assignor transferred the right to the invention to IBM prior to

the assignment to plaintiff. Imatek, Ltd. v. Apple Computer

Corp., supra, 81 F. Supp.2d at 483 n.5 (defense of lack of patent

_____

[1]As far as I am aware, there is no authority supporting the
proposition that title to a patent can be acquired through
adverse possession. See Daniel J. McFeely, Comment, An Argument
for Restricting the Patent Rights of Those Who Misuse the U.S.
Patent System to Earn Money Through Litigation, 40 Ariz. St. L.J.
289, 318 (2008) ("Although the law of adverse possession is well-
established in the area of real property law, it has not yet been
applied in the intellectual property areas of copyright or patent
law.").

ownership is not defeated by the fact that any claim of ownership

by first transferee may be barred by statute of limitations).

Turning to the remaining two factors -- the breadth of

discovery sought and prejudice -- it also appears that permitting

discovery to proceed is not appropriate.  Defendants have identi-

fied at least 17 discovery disputes that will need resolution if

the matter proceeds.[2]  In addition, plaintiff itself has already

raised several discovery disputes.  Finally, given that more than

a dozen defendants remain in these two actions, the discovery

will necessarily be time consuming, burdensome and expensive.  If

defendants' dismissal motions prove meritorious, the burden of

litigating the discovery issues will have been for nothing and

defendants will have suffered the burden of unnecessary legal

fees.  Plaintiff, on the other hand, does not practice the

patented invention and is not, therefore, in a position to seek

entitled to a preliminary injunction.  See High Tech Med. Instr.,

Inc. v. New Image Indus., Inc., 49 F.3d 1551, 1556-57 (Fed. Cir.

1995); Roper Corp. v. Litton Sys., Inc., 757 F.2d 1266, 1273

(Fed. Cir. 1985); BIC Corp. v. Thai Merry Co., 98 Civ. 2113

---

[2]These issues include, but are not limited to, plaintiff's
alleged failure to provide complete infringement claim charts,
plaintiff's alleged failure to produce discovery concerning
licensing, plaintiff's alleged failure to respond to
interrogatories properly, issues concerning the applicability and
waiver of the attorney-client privilege, whether documents have
been properly redacted and production of electronic discovery
(see Letter from Nathan K. Cummings, Esq. to the undersigned,
dated Nov. 26, 2008, at 2-3).

(DLC), 1999 WL 893134 at *5 (S.D.N.Y. Oct. 18, 1999).  Thus, a stay of discovery will not result in irreparable injury or prejudice to plaintiff; if plaintiff proves infringement, its damages for the period prior to judgment will simply be greater.

IV.   Conclusion

        Accordingly, for all the foregoing reasons, defendants' application for a stay of discovery and stay of all deadlines currently in place is granted.

Dated:   New York, New York
         December 3, 2008

                                SO ORDERED


                                _____
                                HENRY PITMAN
                                United States Magistrate Judge


Copies transmitted to:

Thomas J. Parker, Esq.
Alston & Bird, LLP (NYC)
90 Park Avenue
New York, New York  10016

Nathan K. Cummings, Esq.
Cooley Godward, LLP (VA)
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, Virginia  20190-5656

Sandhya K. Kidd, Esq.
Morgan, Lewis & Bockius LLP
37th Floor
101 Park Avenue
New York, New York  10178

Michael J. Mellis, Esq.
MLB Advanced Media
75 Ninth Avenue
New York, New York   10011

John J. Driscoll, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of The Americas
New York, New York   10036

Andrew P. Saulitis, Esq.
555 Madison Avenue
New York, New York   10022